```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (Cal. Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5710
     Facsimile: (213) 894-7177
     E-mail:    Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 13-05531-DDP (FFMx) |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 401 CARTONS OF WOMEN'S COTTON TANK TOPS, MEN'S COTTON TANK TOPS, LADIES' POLYESTER UNDERWEAR, AND LADIES' POLYESTER BRAS, | |
| Defendants. | |
| SUNSTAR IMPORTS, INC., | |
| Claimant. | |

   Plaintiff and Claimant Sunstar Import, Inc. ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving the claim of Claimant in this action in its entirety.  The

cc: FISCAL

claim and answer shall be deemed filed in this case by Claimant. No other parties have appeared in this case and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. No claims or answers have been filed to contest the forfeiture of the defendant assets other than Claimant, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets described herein. Any potential claimants to the defendant assets described herein other than Claimant are deemed to have admitted the allegations of the complaint for forfeiture with respect to these assets.

2. Claimant filed on or about September 28, 2009 a cash court cost bond with the U.S. Customs and Border Protection, Office of Fines, Penalties and Forfeitures, in the amount of $5,000.00 for the defendant assets. The government will return the cost bond in the amount of $5,000.00 to Claimant. The government will not assert any additional claims against claimant arising out of this matter, to include any additional action for charges or costs of any nature, or penalties.

3. Claimant affirms that it is the sole owner of the seized property and that it has the legal right to abandon, withdraw any claim to, and consent to United States Customs and Border

Protection's ("CBP") forfeiture or other appropriate disposition of all or any portion of its interest in the seized property.

4. Claimant hereby abandons, withdraws any and all claims to, and consents to CBP's forfeiture or other appropriate disposition of the seized property in accordance with the law. Claimant waives its rights to any further notice regarding such forfeiture or other disposition in this case. Claimant further agrees that upon the effective date of consent judgment accompanying this agreement CBP may immediately dispose of the seized property.

5. The government shall have judgment against the interest of Claimant (and any potential claimants) as to the defendant assets, which assets are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein. The CBP shall dispose of the forfeited assets according to the law.

6. Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the United States Customs and Border Protection ("CBP"), from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The Court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465

1      8.   Each of the parties shall bear its own fees and costs in
2 connection with the seizure, retention and return of the defendant
3 assets.
4      9.   The EX PARTE APPLICATION (docket number 2) is vacated as
5 moot.

DATED: December 20, 2013

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

      /s/
_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4